IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

    CIVIL ACTION NO.: CV510-077

K. EDENFIELD, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin L. Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Fort Worth, Texas, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons which follow, Williams' Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted in this District of two (2) counts of cocaine distribution, in violation of 21 U.S.C. §§ 841(a)(1) and 851. Plaintiff filed two Motions to Vacate his sentence in this Court under 28 U.S.C. § 2255, which were denied and dismissed, respectively. (CR506-14, Doc. Nos. 132, 263). Subsequent to the dismissal of Williams' second petition, Williams application for leave to file a successive § 2255 motion was denied. (Id. at Doc. No. 272). Williams filed the instant 28 U.S.C. § 2241 petition in the Northern District of Texas. That court transferred Williams' petition to this Court, holding that Williams' petition falls within the purview of § 2255, and, therefore,

should be brought in the sentencing court. Williams asserts that he received ineffective assistance of counsel and that he was improperly denied a new trial.

## DISCUSSION AND CITATION TO AUTHORITY

If Williams' petition is construed as a § 2255 motion, then it must be dismissed for lack of jurisdiction. To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Williams did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over a § 2255 motion. In fact, the Eleventh Circuit denied Williams' Application to file a successive § 2255 motion.

If Williams' petition is construed as a § 2241 motion, it should be dismissed for failing to satisfy the savings clause of § 2255. Ordinarily, an action in which an

2

individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006). To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

3

Williams has presented no evidence that would satisfy the savings clause of § 2255. He makes no allegation that his claim is based upon a retroactive Supreme Court decision that establishes he was convicted for a nonexistent offense.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE